**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICHARD ALAN YINGLING,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**RANDALL WORKMAN, Warden,** )<br>)<br>**Respondent.** ) | CIV-04-1275-R |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered March 27, 2006 and Petitioner's Objection to the Report and Recommendation.

In his Objection, Petitioner suggests that the Magistrate Judge confused the issues of the deference to be accorded a state court's decision and the reasonableness inquiry as to whether the state court's adjudication of Petitioner's claim of insufficient evidence involved an unreasonable application of clearly established Supreme Court law or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Secondly, he suggests that the Magistrate Judge erred when she stated that there was only one inconsistency between the victim's testimony and the testimony of sexual assault nurse examiner ("SANE"). Thirdly, he asserts that "[t]he conflicting testimony of the victim and the physical evidence at most show attempted rape" and that because the victim's testimony raised an issue as to whether there was penetration,

a lesser included offense instruction should have been given as a matter of law. Finally, Petitioner states that the Report and Recommendation is erroneously premised on a presumption of correctness and requests that the Court review all of his claims *de novo*.

The Court, pursuant to 28 U.S.C. § 636(b)(1)(B) and Petitioner's request, reviews all of the findings and conclusions in the Report and Recommendation *de novo*. Although the testimony of the victim and the SANE is reasonably susceptible to an interpretation that there was more than one inconsistency, the victim's testimony was nowhere near "so unsubstantial and incredible as to be unworthy of belief" nor was the evidence of rape even "sharply conflicting." *Gilmore v. State*, 855 P.2d 143, 145 (Okla. Crim. App. 1993). Accordingly, the Court concurs with the Magistrate Judge that the finding of the Oklahoma Court of Criminal Appeals ("OCCA") that corroboration of the victim's testimony was unnecessary was reasonable. Moreover, the Court agrees with the Magistrate Judge that the victim's testimony alone was sufficient to establish penetration without consent and thus support the rape conviction; that the victim's testimony was corroborated by the SANE's physical findings; and that the OCCA's determination that the jury was justified in finding the essential elements of first degree rape beyond a reasonable doubt was not unreasonable because viewing the evidence in a light most favorable to the prosecution, a rational trial of fact could have found those elements beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The Court likewise concurs in the Magistrate Judge's conclusions that Petitioner has failed to show that his trial counsel rendered ineffective assistance because he has not shown

prejudice resulting from his trial counsel's failure to submit written requested instructions on the lesser included offenses of attempted rape and sexual battery, failure to move for a directed verdict and/or failure to object to certain testimony of the SANE. The Magistrate carefully and correctly analyzed these claims in light of the record. Finally, the Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on his claim that the trial court erred in failing to give a lesser included offense instruction because Supreme Court precedent has never recognized a constitutional right to a lesser included offense instruction in non-capital cases. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Richard Alan Yingling for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**It is so ordered this 12th day of May, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE